ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2018-Dec-11  10:58:45
23CV-18-1816
C20D01 : 14 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### CIVIL DIVISION

WILLIE DEAN MARLAR                                        PLAINTIFF

vs.                                    Case no.: CV- 2018-

ABC TRANSPORTATION, INC.,
HARRY LEE MARSHALL and                                   DEFENDANTS
JOHN DOE 1, JOHN DOE 2, AND
JOHN DOE 3

### COMPLAINT

COMES NOW Plaintiff, Willie Dean Marlar, by and through counsel, and for her

complaint against the defendants alleges as follows:

### I   PARTIES

1.1.   Willie Dean Marlar ("Mrs. Marlar") at the time of the events giving rise to

her claim for injuries and damages was a citizen and resident of Conway, Faulkner

County, Arkansas.  Mrs. Marlar presently resides in the state of Tennessee where she

continues to be treated for her injuries which are described more fully below.

1.2.   ABC Transportation, Inc. ("ABC Transportation") is a Delaware

corporation.  Its principal place of business is in Eufaula, Alabama.  It may be served

with process through it registered agent for service of process in the state where it



**EXHIBIT**

**A**

principally does business by serving CT Corporation System at 2 North Jackson St., Suite 605, Montgomery, AL 36104 or through its registered agent for service of process in the state of its domicile by serving The Corporation Trust Company at Corporation Trust Center-1209 Orange St., Wilmington, DE 19801.

1.3.    Harry Lee Marshall ("Marshall") is a resident and citizen of the state of Alabama. He can be served with process at 222 Holloway Dr., Eufaula, AL 36027, at 1470 US Highway 82, Georgetown, GA 39854 or wherever else he may be found.

1.4.    Pursuant to Arkansas Code Annotated §16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor(s) is unknown.

1.5.    Pleading in the alternative, the name of the unknown tortfeasor(s), individual person or entity, shall be designated by the pseudo-name John Doe. With respect to the matters which form the basis of this complaint, John Doe 1, in the alternative, represents the proper name of any individual person, defendant or entity with which either specifically named defendant may be associated or known. Further, should there be more than one such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc. is also appropriate.

1.6.    Upon the determination of the identity of any currently unknown tortfeasor(s), person or entity, plaintiff will amend her complaint by substituting the real name and identity for the pseudo-name.

1.7.    Attached hereto is the affidavit of plaintiff's counsel demonstrating that the identity of any other such "John Doe" tortfeasor(s) is presently unknown pursuant to Arkansas Code Annotated §16-56-125. Exhibit 1.

## II    JURISDICTION AND VENUE

2.1.    This court has jurisdiction pursuant to Arkansas Code Annotated §16-13-201 which provides that the circuit courts shall have original jurisdiction of all matters not otherwise assigned pursuant to the Arkansas Constitution. Further, jurisdiction is appropriate under the Arkansas Constitution, Amendment 80 §6(A) which provides that the "Circuit Courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution."

2.2.    Venue is proper in this court pursuant to Arkansas Code Annotated §16-60-101, which provides that all actions for damages for personal injury shall be brought in the county where the incident occurred or the county where the person injured resided at the time of the incident.

2.3.    The damages prayed for by plaintiff in this complaint are in excess of that amount necessary for Federal court jurisdiction.

3

### III    FACTS

3.1.    ABC Transportation is a regulated motor carrier engaged in interstate transportation.  It also does business under the name ABC Transportation, a Nucor Company, and possesses interstate transportation authority to operate in 48 states.

3.2.    Marshall is a truck driver who at all times relevant operated an 18 wheel tractor-trailer rig for and under the authority of ABC Transportation.

3.3.    On December 15, 2015, for and under the authority of ABC Transportation, Marshall was driving a 2005 International tractor pulling one of ABC Transportation's flatbed trailers when he suddenly and without any regard to other motorist or traffic generally came to a complete stop in the right eastbound lane of travel on Interstate 40 in Conway, Faulkner County, Arkansas near mile marker 124.

3.4.    Marshall contends that the tractor-trailer he was operating at the time for and under the authority of ABC Transportation suddenly stopped in the eastbound lane of traffic due to a mechanical braking failure.

3.5.    The tractor-trailer rig operated by Marshall which was sitting stationary in the eastbound lane of travel posed a substantial and unreasonable risk of harm to other motorists on Interstate 40, including Mrs. Marlar, who were unable to determine that the tractor-trailer rig ahead was not moving.

4

3.6.    Mrs. Marlar was lawfully operating her vehicle in the eastbound right lane of Interstate 40 when she struck the tractor-trailer rig Marshall had been operating and which was improperly stopped and not properly marked, parked or positioned.

3.7.    Mrs Marlar's vehicle became pinned beneath ABC Transportation's and Marlar's flatbed trailer.

3.8.    Mrs. Marlar became incapacitated from the collision and trapped in the wreckage.

3.9.    First responders had to use specialized equipment including tools commonly referred to as the "jaws of life" to be able to remove Mrs. Marlar from her mangled vehicle.

3.10.    Emergency medical personnel next worked to stabilize Mrs. Marlar at the scene before she was transported by life flight helicopter to the Conway Regional Medical Center in Conway, Arkansas.

3.11.    As a direct and proximate result of this collision and the actionable conduct of the defendants, Mrs. Marlar suffered serious and life-threatening injuries requiring multiple surgeries, lengthy hospitalizations, and ongoing medical treatment for her injuries which are more fully described below.

3.12.    As a direct and proximate result of this collision and the actionable conduct of the defendants, Mrs. Marlar continues to suffer physically and emotionally, she has endured and will continue to endure significant pain and suffering, and she has

experienced and will continue to experience for the remainder of her natural life significant impairment to her quality and enjoyment of life.

3.13.    The physical and emotional injuries suffered by Mrs. Marlar caused by the actionable conduct of the defendants is permanent.

3.14.    At all times relevant to the material allegations in this complaint, Marshall was an agent, servant, employee, and/or statutory employee of ABC Transportation.

3.15.    At all times relevant to the material allegations in this complaint, Marshall was acting within the scope of his agency, employment, and/or statutory employment, he was and under the control, direction and authority of ABC Transportation.

3.16.    All actions and conduct of Marshall as alleged in this Complaint are imputed to ABC Transportation under the doctrine of *respondeat superior* as well as the law regulating the operation of commercial motor vehicles.

## IV.    NEGLIGENCE

4.1.    All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

4.2.    Defendants ABC Transportation and Marshall were negligent in causing the subject accident in that they:

  a. failed to properly and adequately maintain the tractor-trailer in an operably safe condition;

  b. failed to properly and adequately inspect the tractor-trailer;

c.    failed to move the tractor-trailer from the active roadway;

d.    failed to use ordinary and reasonable care under the circumstances;

e.    failed to obey the rules of the road.

4.3.    Further, Defendants ABC Transportation and Marshall engaged in actionable conduct in causing the injuries to Willie Dean Marlar in that they:

a.    Failed to provide for the safe stopping of the vehicle in violation of Arkansas Code Annotated §27-51-403

b.    Failed to keep the tractor-trailer under proper control in violation of Arkansas Code Annotated §27-51-104;

c.    Failed to properly signal stopping of the vehicle in violation of Arkansas code annotated §27-51-404;

d.    Stopped the tractor-trailer in the interstate lane of traffic in violation of Arkansas Code Annotated §27-51-1302;

e.    Failed to operate a commercial motor vehicle in accordance with the requirements of Federal regulations in violation of title 49, Code of Federal Regulations, §392.2;

f.    Failed to comply with the requirements of title 49, Code of Federal Regulations, §396 regarding inspection, repair, and maintenance; forbidden unsafe operations; driver inspections; periodic inspections; and inspector qualifications.

## V.    NEGLIGENT HIRING

5.1.    All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

7

5.2.    ABC Transportation had the duty to implement and follow adequate policies and procedures to ensure that it selected and hired competent and qualified drivers, mechanics and technicians.

5.3.    ABC Transportation failed in its duty to implement and follow proper policies and procedures regarding the hiring of competent qualified persons to drive and maintain the subject commercial tractor-trailer.

5.4.    ABC Transportation's negligence in hiring unqualified and incompetent personnel was the proximate cause of the collision and resulting injuries suffered by Mrs. Marlar.

## VI.    NEGLIGENT TRAINING

6.1.    All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

6.2.    ABC Transportation had the duty to implement and follow adequate policies and procedures to ensure that it adequately trained competent and qualified drivers, mechanics and technicians.

6.3.    ABC Transportation failed in its duty to implement and follow proper policies and procedures regarding the training of persons to drive, inspect and maintain the subject commercial tractor-trailer.

6.4.    ABC Transportation's negligence in failing to properly train the personnel it utilized was the proximate cause of the collision and resulting injuries suffered by Mrs. Marlar.

## VII.    NEGLIGENT RETENTION

7.1.    All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

7.2.    ABC Transportation had the duty to implement and follow adequate policies and procedures to ensure that it adequately and properly retained competent and qualified drivers, mechanics and technicians.

7.3.    ABC Transportation failed in its duty to implement and follow proper policies and procedures regarding the retention of qualified and competent persons to drive, inspect and maintain the subject commercial tractor-trailer.

7.4.    ABC Transportation's negligence in failing to adequately and properly retain the personnel it utilized was the proximate cause of the collision and resulting injuries suffered by Mrs. Marlar.

## VIII.    NEGLIGENT SUPERVISION

8.1.    All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

9

8.2.   ABC Transportation had the duty to implement and follow adequate policies and procedures to ensure that it adequately and properly supervised drivers, mechanics and technicians.

8.3.   ABC Transportation failed in its duty to implement and follow proper policies and procedures regarding the supervision of persons it utilized to drive, inspect and maintain the subject commercial tractor-trailer.

8.4.   ABC Transportation's negligence in failing to adequately and properly supervise the personnel it utilized was the proximate cause of the collision and resulting injuries suffered by Mrs. Marlar.

## IX.   CAUSATION

9.1.   All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

9.2.   The conduct of the defendants as described in this complaint was the proximate cause of the subject collision and resulting damages suffered by Mrs. Marlar.

## X.   DAMAGES

10.1.   All allegations in the preceding paragraphs are incorporated here and now by reference as if set forth fully verbatim.

10

10.2.   As a proximate result of the aforementioned negligent acts of Defendants, Mrs. Marlar sustained the following serious and painful injuries, which are permanent in nature and include but are not limited, to:

a.  multiple lacerations to her face, laceration just lateral to her right eye, abrasion and laceration to her left forehead, and laceration to her right cheek;

b.  multiple lacerations to both hands, significant laceration to the left middle finger, and multiple lacerations to right hand;

c.  multiple fractures to both hands, fingers and thumb;

d.  head injury which involved a traumatic acute subarachnoid hemorrhage to her bilateral frontal lobes with intracranial hemorrhage in her medial left frontal lobe and multiple areas of subretinal hemorrhage;

e.  Fractured neck involving the posterior aspect of C1 with fracture lines on the left and right, and a C-7 spinous process fracture.

f.   laceration of her liver;

g.  abdominal aortic aneurysm;

h.  right distal femur fracture;

i.  left ankle fracture,

j.  head injuries requiring oxygen therapy which included prolonged ventilation;

k.  the experiencing of severe respiratory distress as a result of the required intubation to support/maintain an open airway in connection with the administration of anesthesia and induced coma pain management and;

l.  as a result of the prolonged immobility secondary to the extensive injuries and treatment, she developed sacral decubitus ulcers resulting in serious infections and leukocytosis.

**WHEREFORE**, the Plaintiff, Willie Dean Marlar, prays that she have a judgment against the Defendants, jointly and severally, for a sum of not less than Four Million Dollars ($4,000,000), such amount to be determined by a jury for pain and suffering; medical bills; loss of enjoyment of life; loss of opportunity; future medical bills; lost earning capacity; economic loss; and loss of automobile; and that she also be awarded her costs, pre and post judgment interest, attorney's fees, and all other necessary and proper relief to which she may be entitled.

**Plaintiff requests a trial by jury.**

Respectfully submitted,

SHUTTLEWORTH, WILLIAMS, PLLC

BY:

CHRISTOPHER H. CRAIN (AR#91219)
6077 Primacy Pkwy., Suite 200
Memphis, Tennessee 38119
(901)526-7399
ccrain@swlawpllc.com

**Attorneys for Plaintiff**

12

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

WILLIE DEAN MARLAR                                                    PLAINTIFF

vs.                                      Case no.: CV- 2018-

ABC TRANSPORTATION, INC.,
HARRY LEE MARSHALL and                                               DEFENDANTS
JOHN DOE 1, JOHN DOE 2, AND
JOHN DOE 3

## AFFIDAVIT OF CHRISTOPHER H. CRAIN

Before me, the undersigned authority, personally appeared **CHRISTOPHER H. CRAIN**, who under oath, having been duly sworn, deposes and states:

1.      I, Christopher H. Crain, am an attorney at law representing Willie Dean Marlar as counsel of record in the above styled action.

2.      In the appropriate court in the state of Arkansas, I am causing to be filed a Complaint on behalf of Willie Dean Marlar in the above styled action to which this affidavit is attached pursuant to Arkansas Code Annotated §16-56-125(c).

3.      At this time, the identity and the number of all tortfeasors contemplated in this action are unknown.

**EXHIBIT**

1

4.    Pursuant to Arkansas Code Annotated §16-56-125, for purposes of tolling the statute of limitations I have used the pseudo-names "John Doe 1," "John Doe 2", and "John Doe 3" to designate the unknown tortfeasors.

5.    Upon determining the identity of the presently unknown tortfeasors, the Complaint will be amended to substitute the real name and identity of the tortfeasor(s) in place of the pseudo-name John Doe.

FURTHER, AFFIANT SAITH NOT.

_____
CHRISTOPHER H. CRAIN

Christopher H. Crain (Ark. Bar # 91219)
SHUTTLEWORTH PLLC
6077 Primacy Parkway, Suite 200
Memphis, TN  38119
(901) 526-7399

Attorney for Plaintiff, Willie Dean Marlar

Sworn and subscribed to before me this 11th day of December, 2018.

_____
Notary Public

2